Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
William C. Wright (WW 2213)
bwright@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391
*Attorneys for Plaintiff Off-White LLC*

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC<br>*Plaintiff*<br><br>v.<br><br>PAIGE, LLC f/k/a PREMIUM DENIM, LLC<br>*Defendant* | **COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT**<br><br>**CIVIL ACTION NO. 1:17-cv-2904**<br><br>**JURY TRIAL REQUESTED** |

### COMPLAINT

Plaintiff, Off-White LLC (hereinafter, "Off-White" or "Plaintiff"), by and through its undersigned counsel, brings this action for a declaratory judgment of non-infringement of any purported trademark rights allegedly owned by Defendant Paige, LLC f/k/a Premium Denim, LLC (hereinafter, "Paige" or "Defendant"). Off-White hereby alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action arising under the United States Trademark Act of 1946, 15

U.S.C. §§ 1051 et seq. ("Lanham Act"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 ("Declaratory Judgment Act"), in which Off-White seeks a declaratory judgment of non-infringement of any trademark rights purportedly owned by Defendant.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1121 as an action arising out of the Lanham Act, and the Declaratory Judgment Act.

3. This Court has personal jurisdiction over Defendant because upon information and belief, Defendant conducts business and is registered to do business in New York and in this judicial district. Specifically, upon information and belief, Defendant actively operates and maintains three (3) out of its six (6) flagship stores in the State of New York, and in this judicial district, has employees within the State of New York, engages in systematic business activities with companies in the State of New York, and sells its apparel products to consumers in this judicial district (through its flagship stores, as well as via third-party retailers).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5. Plaintiff Off-White is a limited liability company organized and existing under the laws of the State of Illinois, with an address of c/o Bellizio + Igel PLLC, 305 Madison Avenue, New York, New York 10165.

6. Upon information and belief, Defendant Paige is a limited liability company organized and existing under the laws of the State of California, with a place of business at 10119 Jefferson Boulevard, Culver City, California 90232, and three (3) flagship stores located in the State of New York at the following locations: 869 Washington Street, New York, New York 10014, 245 Columbus Avenue, New York, New York 10023, and 71 Mercer Street, New York, New York 10012.

## GENERAL ALLEGATIONS

### Plaintiff and its Off-White Diagonal Marks

7. Off-White is the owner of a young, successful, and high-end lifestyle streetwear line of men's and women's apparel, as well as accessories, jewelry, furniture and other ready made goods (collectively, "Off-White Products"), marketed under the trademarks Off-White™ and Off-White c/o Virgil Abloh™ ("Off-White Brand"), launched in or about 2013, all of which are manufactured in Milan and distributed through various channels of trade in the United States and abroad.

8. More specifically, the Off-White Products are sold at retailers such as Barneys, Selfridges, Bergdorf Goodman and Collette, as well as Off-White's boutiques located in prominent fashion epicenters such as London, Tokyo, Hong Kong, Seoul, Beijing, Shanghai, Toronto, Singapore and soon to be New York City.

9. The success of Off-White, the Off-White Brand, and the Off-White Products is largely attributable to Virgil Abloh ("Abloh"), the founder of Off-White, who is well known due to, among other things, his work with Kanye West over the years. Abloh sought out to, and did in fact, create a cutting-edge brand that is rooted in current culture, and geared towards youthful consumers.

10. Since the launch of the Off-White Brand and the Off-White Products approximately four (4) years ago, the Off-White Brand and Off-White Products, as well as Abloh and Off-White, have been featured in numerous press publications, including, but not limited to, *New York Magazine*, *GQ*, *W Magazine*, and *Vogue*, among others.

11. In particular, the Off-White Brand has been recognized for its distinctive graphic and logo-heavy apparel designs, and specifically, a unique design mark comprised of alternating parallel diagonal lines ("Off-White Diagonal Design"). Since at least as early as 2013, the Off-White Diagonal Design has been, and currently still is, applied to the Off-White Products themselves ("Off-White Trade Dress"), and to tags, labels, containers, packaging, and displays for the Off-White Products ("Off-White Trademark") (collectively, the Off-White Trade Dress and Off-White Trademark are referred to as "Off-White Diagonal Mark(s)"). True and correct photographs of a hang tag, interior labels, and Off-White Products featuring the Off-White Diagonal Marks are depicted below:









12. Off-White has protected its valuable rights by filing for and obtaining federal trademark registrations, including, but not limited to: U.S. Trademark Registration Number 5,150,712 covering ▨ for goods in Class 18 (specifically, "All-purpose carrying bags; travel bags; luggage, trunks; gym bags; sports bags; clutches; purses; handbags; shoulder bags; tote bags; beach bags; wallets; business card cases; backpacks; courier bags; messenger bags; briefcases; umbrellas") and Class 25 (specifically, "Apparel for men and women, namely, jackets, sweatshirts, coats, blazers, suits, pants, jeans, pullovers, sweaters, vests, shorts, shirts, dresses, skirts, neckwear, shawls; scarves; socks, leggings; stockings; belts, suspenders; braces; hats, caps, gloves, shoes, boots; flip flops, sandals and sneakers.") ("Off-White Diagonal Mark Registration").

13. Additionally, Off-White has also protected its valuable rights by filing a number of pending federal trademark applications, including, but not limited to: U.S. Trademark Serial Numbers 87/109,889 covering ▨ for goods in Class 18 and Class 25, 87/301,710 covering ▨ for goods in Class 24, 87/301,666 covering ▨ for goods in Class 21, 87/301,639 covering ▨ for goods in Class 20, 87/301,621 covering ▨ for goods in Class 16, 87/301,606 covering ▨ for goods in Class 14, 87/301,590 covering ▨ for goods in Class 9, 87/301,573 covering ▨ for goods in Class 3, and 87/109,971 covering ▨ for services in Class 35 (collectively, "Off-White Diagonal Mark Application(s)").



5

**Defendant and its Paige Design Marks**

14. Defendant Paige, created by Paige Adams-Geller, former Miss California, in Los Angeles in or about 2005, is a company that primarily designs, manufactures and sells apparel, mainly women's and men's high-end jeans, under the Paige® trademark ("Paige Apparel" and "Paige Jeans", respectively).

15. Paige is the owner of the following U.S. Trademark Registration Numbers (collectively, "Paige TM Registration(s)"):

| U.S. Trademark Registration No. | Mark[1] | Date of First Use in Commerce | Class(es) of Goods/Services |
|---|---|---|---|
| 3,671,082 | | 1/31/2005 | Class 25: "Clothing and active wear, namely, blouses, dresses, jackets, jeans, pants, shirts, shorts, skirts, tank tops, tops." |
| 3,702,471 | | 1/31/2005 | Class 25: "Clothing and active wear, namely, blouses, bottoms, dresses, jackets, jeans, pants, shirts, shorts, skirts, vests, tank tops, tops." |
| 3,773,668 | | 1/25/2005 | Class 25: "Clothing and active wear, namely, blouses, bottoms, dresses, jackets, jeans, pants, shirts, shorts, skirts, tops." |

---

[1] Paige TM Registration No. 3,671,082 explicitly references that the design mark is intended to be applied as stitching, as it denotes that "[t]he mark consists of a rough ***stitch design*** consisting of nine rows of ***stitching***" (emphasis added).

6

| 3,851,781 | | 11/17/2005 | Class 35: "Retail store services, mail order services, mail order catalog services, on-line retail store services, on-line catalog services, and on-line mail order services featuring clothing and jewelry." |
|---|---|---|---|

(the design marks covered by each of the Paige TM Registrations, which are comprised of a design featuring nine (9) tilted lines, are hereinafter collectively referred to as "Paige Design Marks").

16. Upon information and belief, Paige uses the Paige Design Marks primarily on and in connection with the sale of Paige Jeans and more specifically, on the stitching of the back pockets thereof. A true and correct copy of a photograph exemplifying Paige's use of the Paige Design Marks, which Paige submitted to the United States Patent and Trademark Office ("USPTO") in connection with its Statement of Use for one of the above-mentioned Paige TM Registrations, is depicted below:



17. Defendant owns and operates an interactive website, located at www.paige.com ("Paige Website"), on which it advertises, offers for sale and sells Paige Apparel, including the Paige Jeans, directly to consumers, including consumers located in this judicial district.

18. Upon information and belief, as of today's date, the Paige Design Marks do not appear anywhere on the Paige Website or the Paige Apparel offered for sale thereon, except in connection with product shots of the back pockets of the Paige Jeans or related denim Paige Apparel.[2] A true and correct screen shot of a page of the Paige Website supporting the foregoing proposition is depicted below:



19. In addition to the Paige Website, Defendant's Paige Jeans and other Paige Apparel are sold in a variety of third-party retailers throughout the country, including within the State of New York and this judicial district, such as Bergdorf Goodman, Lester's, Anthropologie and Nordstrom.

20. Defendant also has six (6) flagship boutique retail stores—three (3) of which are located in the State of New York and in this judicial district (i.e., one in the Meatpacking District, one on the Upper West Side and another in SoHo).

---

[2] To be clear, currently, on the Paige Website, the Paige Design Marks only appear as stitching on one of the back pockets of each pair of Paige Jeans, and as stitching on one of the back pockets of select women's denim overalls, denim skirts, denim shorts, as well as stitching on the side of denim jackets, but the Paige Design Marks do not otherwise appear on any other Paige Apparel or elsewhere on the Paige Website.

8

21. Upon information and belief, the Paige Design Marks are not currently used on Paige's hang tags or labels, and the Paige Design Marks are always used in connection with the Paige® trademark.

**Case and Controversy**

22. On or about January 23, 2017, Defendant, acting through its attorneys, sent a cease and desist letter to Plaintiff ("C&D") wherein it cited the Paige TM Registrations, asked Plaintiff to withdraw one of its Off-White Diagonal Mark Applications (specifically, U.S. Trademark Application No. 87/109,889, which covers goods in Classes 18 and 25), demanded that Plaintiff cease all use or intended use of , alleging that the Off-White Diagonal Mark covered by the cited Off-White Diagonal Mark Application is confusingly similar to the Paige Design Marks.  A true and correct copy of the C&D is attached hereto as **Exhibit A**.

23. The Off-White Diagonal Marks, which are, and/or are intended to be, primarily applied to the Off-White Products themselves and the hang tags and interior labels associated therewith, and the Paige Design Marks, which are primarily only applied as stitching to the back pockets of Paige Jeans, are neither identical, nor are they confusingly similar.  Notably, the Off-White Products are not used as stitching on any of the Off-White Products.  Below is a side-by-side comparison of an example of Off-White's use of one of the Off-White Diagonal Marks and Paige's use of one of the Paige Design Marks:

| **OFF-WHITE** | **PAIGE** |
|---|---|
|  |  |

9

24.     The Off-White Diagonal Marks and the Paige Design Marks have co-existed since at least as early as 2013 (i.e., for the past four (4) years), and there is no evidence of actual confusion.

25.     The parties engaged in nearly three (3) months of communications in good faith, but settlement could not be reached in light of Defendant's over-reaching requirements as to future restrictions on Off-White's right to use the Off-White Diagonal Marks.

26.     On March 10, 2017, Defendant filed a Petition for Cancellation of the Off-White Diagonal Mark Registration (Cancellation No. 92065617).

27.     Defendant's allegations that Off-White's use of the Off-White Diagonal Marks infringes Paige's purported trademark rights, including, without limitation, the Paige Design Marks, coupled with Paige's over-reaching settlement requirements, as well as its decision to seek the cancellation of the Off-White Diagonal Mark Registration, collectively create a substantial justiciable controversy between the parties, having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in this instance. Such accusations have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of U.S. Trademark Registration Nos. 3,671,082, 3,702,471, 3,773,668, and 3,851,781)

28.     Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

29.     The Off-White Diagonal Marks do not infringe any alleged trademark rights held by Defendant, including, without limitation, the Paige Design Marks and Paige TM Registrations.

30. There is no likelihood of consumer confusion as to source, affiliation, sponsorship, or connection with Defendant that is caused by Off-White's use of the Off-White Diagonal Marks.

## COUNT TWO
### (Declaratory Judgement of Invalidity of U.S. Trademark Registration Nos. 3,671,082, 3,702,471, 3,773,668 and 3,851,781 on the Basis of Abandonment)

31. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

32. Upon information and belief, the Paige Design Marks covered by the Paige TM Registrations are not currently in use in commerce and/or have not been used in commerce for three (3) consecutive years for some or all of the goods/services set forth in the Paige TM Registrations (specifically, with respect to U.S. Trademark Registration No. 3,671,082: blouses, shirts, tank tops or tops; with respect to U.S. Trademark Registration No. 3,702,471: blouses, shirts, vests, tank tops or tops; with respect to U.S. Trademark Registration No. 3,773,668: blouses, shirts or tops; and with respect to U.S. Trademark Registration Nos. 3,851,781, the Paige Design Marks are not currently in use and/or have not been used in connection with any of the services listed therein for three (3) consecutive years) (collectively, "Abandoned Goods/Services").

33. Upon information and belief, Defendant has abandoned any and all rights it may have or may have had in and to the Paige Design Marks covered by the Paige Design TM Registrations with respect to the Abandoned Goods/Services.

34. Upon information and belief, Paige has abandoned some or all of its rights in and to the Paige TM Registrations.

35. By reason of the foregoing, Plaintiff will be damaged by the continued

registration of the Paige Design Marks, as reflected in the Paige TM Registrations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

  A. Declare that the advertisement and sale of any Off-White Products incorporating and/or using the Off-White Diagonal Marks, on the Off-White Products themselves and/or in connection therewith, by Off-White and/or Off-White's customers do not violate any of Defendant's rights under the trademark laws of the United States;

  B. Declare that Off-White and Off-White's customers have the right to advertise and sell Off-White Products incorporating and/or using the Off-White Diagonal Marks, on the Off-White Products themselves and/or in connection therewith, free from interference from Defendant, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, under the authority of Defendant, or in concert or participation with Defendant;

  C. Declare that Defendant, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, under the authority of Defendant, or in concert or participation with Defendant be permanently enjoined from:

    1. Interfering with, or threatening to interfere with, the sale or advertisement of any Off-White Products incorporating and/or using the Off-White Diagonal Marks on the Off-White Products themselves and/or in connection therewith; and

    2. Instituting or prosecuting any lawsuit or other proceeding before the USPTO that places at issue Off-White's right to advertise and sell Off-White Products incorporating and/or using the Off-White Diagonal Marks;

D.	Declare that the Off-White Diagonal Mark Registration and Off-White Diagonal Mark Applications are valid, enforceable and should not be canceled or opposed.

E.	Declare that the Paige TM Registrations have been abandoned, either in whole or in part, and should be cancelled, in whole or in part.

F.	Award Plaintiff its attorney's fees; and

G.	Award Plaintiff such other and further relief, as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Off-White hereby demands a trial by jury of all issues so triable.

Dated:  April 21, 2017                                   **EPSTEIN DRANGEL, LLP**

By:	/s/ Jason M. Drangel
	Jason M. Drangel (JD 7204)
	jdrangel@ipcounselors.com
	William C. Wright (WW 2213)
	bwright@ipcounselors.com
	Ashly E. Sands (AS 7715)
	asands@ipcounselors.com
	Kerry B. Brownlee (KB 0823)
	kbrownlee@ipcounselors.com
	60 East 42nd Street, Suite 2520
	New York, NY 10165
	Tel: 212-292-5390
	Fax: 212-292-5391